IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA MARTIN and PETE MASON, on behalf of themselves individually, and as the parents and guardians of PIERRE MASON and PARIS MASON, minors,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF CHICAGO,<br>JAMES OBALDO, Star # 12267,<br>STEFAN SZUBSKI, Star # 4443,<br>BELINDA BERNAL, Star # 12254,<br>MICHAEL CARROLL, Star # 14575,<br>GERARDO QUINTERO, Star # 5796,<br>WILLIAM LANGLE, Star # 15098,<br>PETER EDWARDS, Star # 5954,<br>JOSEPH WHITE, Star # 14338, and<br>UNKNOWN CHICAGO POLICE OFFICERS,<br><br>　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 09-cv-1903<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Susan E. Cox |

**DEFENDANTS' LOCAL RULE 56.1(a)(2) MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Bhairav Radia
Assistant Corporation Counsel
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois  60602
*t*  (312) 744-5106
*f*  (312) 744-6566
*e*  bhairav.radia@cityofchicago.org

*Counsel for Defendants*

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................................1

STATEMENT OF FACTS .........................................................................................................................1

STANDARD OF REVIEW ........................................................................................................................2

ARGUMENT ..........................................................................................................................................2

    I.    On Counts I, II, and III, Summary Judgment Must Be Entered Because No Evidence Satisfies Section 1983's Personal Responsibility Requirement. ................ 2

        A.    On Counts I, II, and III, Plaintiffs' Only Inference—Proximity—Cannot Satisfy the Personal Responsibility Requirement. ............................................... 2

        B.    On Count I, Defendant Officers Did Not "Seize" Plaintiffs to Satisfy the Personal Responsibility Requirement of an Excessive Force Claim. ................. 4

        C.    On Count II, No Failure-to-Intervene Claim Exists Because No Excessive Force Claim Exists. ................................................................................ 5

        D.    On Count II, Defendant Officers Did Not "Fail to Intervene," Elementally, to Satisfy the Personal Responsibility Requirement of a Failure-to-Intervene Claim. ................................................................................... 5

        E.    On Count III, Defendant Officers Did Not "Search" the Plaintiffs' House to Satisfy the Personal Responsibility Requirement of an Illegal Search Claim. ................................................................................................................ 6

    II.    On Count IV, Summary Judgment Must Be Entered Because No Evidence Shows Defendant Officers Touched Plaintiffs to Establish a Battery. ...................... 7

    III.    For the City, Summary Judgment Must Be Entered Because No Underlying Claim Exists to Establish Liability Derivatively. ....................................................... 7

CONCLUSION .......................................................................................................................................8

# INTRODUCTION

Defendants James Obaldo, Stefan Szubski, Belinda Bernal, Michael Carroll, Gerardo Quintero, William Langle, Peter Edwards, Joseph White (collectively "Defendant Officers"), and the City of Chicago ("City"), pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 56.1(a)(2), submit this memorandum of law in support of their Motion for Summary Judgment (ECF No. 111).

Plaintiffs Teresa Martin ("Teresa") and Pete Mason ("Pete"), individually and as the parents and guardians of minors Pierre Mason ("Pierre") and Paris Mason ("Paris") (collectively "Plaintiffs"), sued Defendant Officers and the City with claims under 42 U.S.C. § 1983 (2006) and state law. Specifically, Plaintiffs asserted five claims: a section 1983 claim under the Fourth Amendment for excessive force (Count I); a section 1983 claim under the Fourth Amendment for failure to intervene (Count II); a section 1983 claim under the Fourth Amendment for illegal search (Count III); a state-law battery claim (Count IV); and an indemnity claim (Count V).

After 21 months of litigation, no genuine issue of material fact exists to prevent this Court from finding Defendants are entitled to judgment as a matter of law, and summary judgment must be entered on all counts for Defendants. As set forth below, summary judgment must be entered because: 1) no evidence satisfies section 1983's personal responsibility requirement for Counts I, II, and III; 2) no evidence shows Defendant Officers touched Plaintiffs to establish a battery claim in Count IV; and 3) no underlying claim exists to establish liability derivatively against the City.

# STATEMENT OF FACTS

Defendants incorporate the facts set forth in their Local Rule 56.1(a)(3) statement of material facts (ECF No. 113, hereinafter "Defs.' 56.1(a)(3)").

**STANDARD OF REVIEW**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding whether genuine issues of material fact exist, the court construes all facts and draws all reasonable inferences in favor of the non-moving party. *See id.*; *see also Koszola v. Bd. of Educ. of Chi.*, 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" means that summary judgment is not appropriate if the court must make "a choice of inferences." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *accord Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences is a jury function. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**ARGUMENT**

**I.   ON COUNTS I, II, AND III, SUMMARY JUDGMENT MUST BE ENTERED BECAUSE NO EVIDENCE SATISFIES SECTION 1983'S PERSONAL RESPONSIBILITY REQUIREMENT.**

Under 42 U.S.C. § 1983, plaintiffs must show "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S.Ct. 1937, 1948 (2009); *accord id.* at 1949 ("each Government official . . . is only liable for his or her own misconduct"). This "personal responsibility requirement" demands evidence each official acted or failed to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or the official directed or knowingly consented to conduct causing the constitutional deprivation. *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982) (citations omitted). In this case, no evidence satisfies the personal responsibility requirement, and summary judgment must be entered. *See id.*

   **A.   On Counts I, II, and III, Plaintiffs' Only Inference—Proximity— Cannot Satisfy the Personal Responsibility Requirement.**

"Proximity to a wrongdoer does not authorize punishment" under 42 U.S.C. § 1983. *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992). *Hessel* affirmed summary judgment on

a section 1983 claim. The plaintiff did not know who among 14 police officers had stolen items during their execution of a search warrant. So plaintiff sued all 14. The Seventh Circuit held "collective punishment" based on "[p]roximity to a wrongdoer" cannot establish liability. And without proof of each officer's acts, "there is no more reason to fix liability on these 14 police officers than on the entire population." *Id.*

Yet, the Seventh Circuit observed, the plaintiff was in a "bind" as "[e]ach of the defendants can plausibly deny guilt." The Seventh Circuit resolved "that is just to say that some cases are more difficult to prove than others." And to "assume" one of the 14 officers had stolen items "is not good enough to fend off summary judgment." *Id.*; *accord Molina ex rel. Molina v. Cooper*, 325 F.3d 963, 973 (7th Cir. 2003) ("[P]laintiffs do not claim to have actually seen any of the seventeen officers involved in the search damage the truck. . . . *Hessel* is therefore fatal to the plaintiffs' claim, and the district court's grant of summary judgment for the officers was proper.").

In this case, as in *Hessel* and *Molina*, no evidence establishes the personal responsibility requirement. (Defs.' 56.1(a)(3) ¶¶ 12–25.) Indeed, Plaintiffs' only inference to challenge summary judgment is the assumption that *Hessel* and *Molina* rejected: proximity to the alleged conduct. (*Id.* ¶¶ 20–25.) Worse yet, their assumption collapses for Pete saw what "[l]ooked like the whole police station" around his home with police officers "everywhere" and "so many" police officers that he "couldn't even count them." (*Id.* ¶¶ 11, 12.) Collapse aside, liability cannot rest on proximity, and summary judgment must be entered for Defendant Officers on Counts I, II, and III. *See Hessel*, 977 F.2d at 305; *Molina*, 325 F.3d at 973; *see also Crowder*, 687 F.2d at 1005.

> **B. On Count I, Defendant Officers Did Not "Seize" Plaintiffs to Satisfy the Personal Responsibility Requirement of an Excessive Force Claim.**

The Fourth Amendment, applied to the states by the Fourteenth Amendment, *Mapp v. Ohio*, 367 U.S. 643 (1961), provides "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures," U.S. Const. amend. IV. Perforce, an excessive force claim needs a "seizure," which "occurs only when government actors have, by means of physical force or show of authority, in some way restrained the liberty of a citizen." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (marks and citations omitted); *accord California v. Hodari D.*, 499 U.S. 621, 626–27 (1991) (stating seizure is either "physical force" or "submission to the assertion of authority").

In this case, no evidence—beyond the proximity assumption—shows Defendant Officers seized Plaintiffs. (Defs.' 56.1(a)(3) ¶¶ 12–25.) Therefore, summary judgment must be entered for Defendant Officers on Count I. *See Crowder*, 687 F.2d at 1005; *see also Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 594–95 (7th Cir. 1997) ("Absent any evidence to prove that *the officers in this case* were unreasonable . . . , the reasonableness question ought not be submitted to a jury." (emphasis added)); *Billups v. Kinsella*, No. 08-cv-03365, 2010 WL 5110121, at *4 (N.D. Ill. Dec. 9, 2010) (Lefkow, J.) (citing *Hessel* and finding "the inability to identify the specific culprit is not enough to survive summary judgment"); *id.* at *6 (summary judgment entered on excessive force claim where plaintiffs were unable to identify the officers in a photo array but described four male officers, two being white males with black hair, two being clad in vests and approximately 140 and 190 pounds, and one being slightly taller than the other).

### C. On Count II, No Failure-to-Intervene Claim Exists Because No Excessive Force Claim Exists.

Only "under certain circumstances" will police officers' failure to intervene render them liable. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Indeed, a failure-to-intervene claim is "entirely dependent upon the issue of whether a constitutional violation had occurred." *Stainback v. Dixon*, 569 F.3d 767, 771 (7th Cir. 2009). *Stainback* affirmed summary judgment for a sheriff on a failure-to-intervene claim entirely because his deputies did not use excessive force. *Id.* at 771, 774; *see also Abdullahi v. City of Madison*, 423 F.3d 763, 767–68 (7th Cir. 2005) ("[B]y definition, if there was no excessive force then there can be no failure to intervene."). Likewise in this case, because Plaintiffs have failed to establish a genuine issue of material fact for trial that Defendant Officers used excessive force, Plaintiffs' failure to intervene claim against also fails. Therefore, summary judgment must be entered for Defendant Officers on the failure-to-intervene claim.

### D. On Count II, Defendant Officers Did Not "Fail to Intervene," Elementally, to Satisfy the Personal Responsibility Requirement of a Failure-to-Intervene Claim.

To prove failure to intervene elementally, plaintiffs must establish the "officer had reason to know excessive force was being used *and* had a realistic opportunity to intervene to prevent the harm from occurring." *Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008) (quoting *Yang*, 37 F.3d at 285) (internal marks omitted).

*Montano* affirmed summary judgment for two police officers on a failure-to-intervene claim. For one officer, no evidence showed he was involved in the plaintiff's arrest, except an admission that he "may have aided in the arrest." The second officer, however, was a passenger in a van, in which another officer was abusing plaintiff. Still, the Seventh Circuit found the officer's presence in the van "does not by itself permit the inference that he was informed of the facts that establish a constitutional violation and had the ability to prevent

it." *Id.* (marks and citation omitted); *accord Lust v. Razzino*, No. 08-cv-7346, 2010 WL 845942, at *7 (N.D. Ill. Mar. 3, 2010) (St. Eve, J.) ("[T]here is no evidence in the record that Sergeant Vardal was aware of any facts concerning the alleged use of excessive force or that she had an opportunity to intervene. Therefore, Lust's failure to intervene claim fails.").

Like *Montano*, no evidence establishes Plaintiffs' failure-to-intervene claim against Defendant Officers. (Defs.' 56.1(a)(3) ¶¶ 12–25.) No evidence shows Defendant Officers, individually, knew excessive force was being used, nor shows they had a realistic opportunity to intervene to prevent unknown harm from occurring. (*Id.*) And Plaintiffs cannot rely on an inference that Defendant Officers were nearby because that argument was squarely rejected in *Montano*—with only a van's ambit. *Montano*, 535 F.3d at 569. Thus, summary judgment must be entered for Defendant Officers on Count II.

### E. On Count III, Defendant Officers Did Not "Search" the Plaintiffs' House to Satisfy the Personal Responsibility Requirement of an Illegal Search Claim.

The Fourth Amendment, applied to the states by the Fourteenth Amendment, *Mapp*, 367 U.S. at 643, provides "[t]he right of the people to be secure in their persons, houses . . . against unreasonable searches," U.S. Const. amend. IV. Manifestly, an illegal search claim requires a "search," which is "entry into the area" for a house or its curtilage. *Bleavins v. Bartels*, 326 F. 3d 887, 890–91 (7th Cir. 2003).

In this case, no evidence—beyond the proximity assumption—shows Defendant Officers searched Plaintiffs' house or its curtilage. (Defs.' 56.1(a)(3) ¶¶ 12–25.) Therefore, as in *Hessel* and *Molina*, summary judgment must be entered for Defendant Officers on Count I. *See Molina*, 325 F.3d at 973–74 (affirming summary judgment because "plaintiffs do not claim to have actually seen any of the seventeen officers involved in the search damage the truck" (citing *Hessel*, 977 F.2d at 305)); *Billups*, 2010 WL 5110121, at *4 (citing *Hessel* and finding "the inability to identify the specific culprit is not enough to survive summary

judgment"); *id.* at *6 (summary judgment entered on excessive force claim where plaintiffs were unable to identify the officers in a photo array but described four male officers, two being white males with black hair, two being clad in vests and approximately 140 and 190 pounds, and one being slightly taller than the other).

## II. ON COUNT IV, SUMMARY JUDGMENT MUST BE ENTERED BECAUSE NO EVIDENCE SHOWS DEFENDANT OFFICERS TOUCHED PLAINTIFFS TO ESTABLISH A BATTERY.

"Battery is the unauthorized touching of another person." *Luss v. Vill. of Forest Park*, 377 Ill. App. 3d 318, 333, 878 N.E.2d 1193, 1206 (Ill. App. Ct. 1st Dist. 2007).[1] To survive summary judgment, plaintiffs must "establish . . . the touching required for a battery." *Id.*; *accord Kraushaar v. Flanigan*, 45 F.3d 1040, 1049 (7th Cir. 1995) (affirming summary judgment because "he was not touched by Davis during the search and, therefore, Davis's conduct does not constitute a battery"); *Stepney v. City of Chicago*, No. 07 C 5842, 2010 WL 4226525, at *6 (N.D. Ill. Oct. 20, 2010) (granting summary judgment on battery claim because "no evidence has been put forth to indicate that they were involved in handcuffing [plaintiff], or fighting with [plaintiffs]"). In this case, no evidence shows Defendant Officers touched Plaintiffs. (Defs.' 56.1(a)(3) ¶¶ 12–25.) Therefore, summary judgment must be entered for Defendant Officers on Count IV.

## III. FOR THE CITY, SUMMARY JUDGMENT MUST BE ENTERED BECAUSE NO UNDERLYING CLAIM EXISTS TO ESTABLISH LIABILITY DERIVATIVELY.

In Count V, Plaintiffs' derivative claim under section 9–102 of the Local Governmental and Governmental Employees Tort Immunity Act is precluded because "[a] local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable." 745 Ill. Comp. Stat. Ann. 10/2–109 (West 2010);

---

[1] Exercising supplemental jurisdiction over the claim, this Court must approach the substantive legal issues as would the Illinois Supreme Court. *Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2002) (citing *Felder v. Casey*, 487 U.S. 131, 151 (1988)).

*accord Ries v. City of Chicago*, 396 Ill. App. 3d 418, 428, 919 N.E.2d 465, 474 (Ill. App. Ct. 1st Dist. 2009). Also, Plaintiffs have no derivative claims against the City from Counts I through III because "municipalities or counties cannot be liable under § 1983 absent an underlying constitutional violation by one or more of their officers." *Marion v. City of Corydon*, 559 F.3d 700, 706 (7th Cir. 2009). Therefore, summary judgment must be entered for the City.

## CONCLUSION

As provided above, there are no genuine issues of material facts, and summary judgment must be entered on all counts for Defendants. Therefore, Defendants' Motion for Summary Judgment (ECF No. 111) must be granted.

    Respectfully submitted,

    By: /s/ Bhairav Radia
        Bhairav Radia

Bhairav Radia
Assistant Corporation Counsel
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
*t* (312) 744-5106
*f* (312) 744-6566
*e* bhairav.radia@cityofchicago.org