IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA MARTIN and PETE MASON, on behalf of themselves individually, and as the parents and guardians of PIERRE MASON and PARIS MASON, minors,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF CHICAGO,<br>JAMES OBALDO, Star # 12267,<br>STEFAN SZUBSKI, Star # 4443,<br>BELINDA BERNAL, Star # 12254,<br>MICHAEL CARROLL, Star # 14575,<br>GERARDO QUINTERO, Star # 5796,<br>WILLIAM LANGLE, Star # 15098,<br>PETER EDWARDS, Star # 5954,<br>JOSEPH WHITE, Star # 14338, and<br>UNKNOWN CHICAGO POLICE OFFICERS,<br><br>　　　　　　　　Defendants. | No. 09-cv-1903<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Susan E. Cox |

**DEFENDANTS' LOCAL RULE 56.1(a)(3) STATEMENT OF MATERIAL FACTS
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Belinda Bernal ("Officer Bernal"), Michael Carroll ("Officer Carroll"), Peter Edwards ("Officer Edwards"), William Langle ("Officer Langle"), James Obaldo ("Officer Obaldo"), Gerardo Quintero ("Officer Quintero"), Stefan Szubski ("Officer Szubski"), Joseph White ("Officer White") (collectively "Defendant Officers"), and City of Chicago ("City"), pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 56.1(a)(3), submit this statement of material facts in support of their Motion for Summary Judgment (ECF No. 111).

**DESCRIPTION OF THE PARTIES**

　　1.　　Plaintiffs Teresa Martin ("Teresa") and Pete Mason ("Pete") brought this action individually and as the parents and guardians of Pierre Mason ("Pierre") and Paris

Mason ("Paris"), both of whom are minors (collectively "Plaintiffs"). (Pls.' Third Am. Compl. ¶ 2 (**Ex. A**).)

2. Defendant Officers are Chicago Police Officers who are employed by the City of Chicago and who acted at all times relevant to this action in that capacity and under the color of law. (*Id.* ¶ 4.)

## JURISDICTION AND VENUE

3. The subject matter jurisdiction of this Court rests on 28 U.S.C. §§ 1331, 1343(a), 1367(a) because the action arises under 42 U.S.C. § 1983 and the state-law claims form part of the same case. (*Id.* ¶ 2.)

4. Venue is proper in this Court under 28 U.S.C. § 1391(a) because all defendants reside in the Northern District of Illinois and a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Illinois. (*Id.* ¶ 2, 4.)

## MATERIAL FACTS

5. On December 13, 2008, about 11:52 p.m., a report of a battery in progress involving 60 people near 7155 South Sangamon Street was dispatched to Chicago Police Officers. (City of Chicago, Office of Emerg. Mgmt. & Commc'ns, Bates No. FCRL001395 (**Ex. B**).)

6. Paris and Pierre were near the crowd on 72nd Street between South Sangamon Street and South Morgan Street. (Dep. Paris Mason, Feb. 11, 2010, 25:1–27:20 (**Ex. C**); Dep. Pierre Mason, Feb. 4, 2010, 34:17–37:20 (**Ex. D**).)

7. About 11:54 p.m. a report of shots being fired east of 71st Street and May Street was dispatched to Chicago Police Officers. (City of Chicago, Office of Emerg. Mgmt. & Commc'ns, Bates No. FCRL000134 (**Ex. E**).)

8. Shots were fired in the crowd that Pierre and Paris were near. (Dep. Paris Mason 27:21–34:4; Dep. Pierre Mason, 38:23–42:14.)

9. After the shots were fired, Paris and Pierre ran to their house at 7250 South Morgan Street. (Dep. Paris Mason 7:4–10, 27:21–34:4; Dep. Pierre Mason, 9:17–23, 38:23–42:14.)

10. About 12:00 a.m. Pete opened his front door after hearing the doorbell ring at the house where he, Teresa, Paris, and Pierre lived at 7250 South Morgan Street. (Dep. Pete Mason, Jan. 28, 2010, 16:19–18:1, 44:7–45:9 (**Ex. F**).)

11. When Pete opened the door, Paris and Pierre were outside the house and police officers were "everywhere." (*Id.* 44:7–45:9, 49:10–50:4.)

12. Pete saw "so many" police officers off his porch that he "couldn't even count them." From what he saw, it "looked like the whole police station was out there." (*Id.* 55:21-56:11.)

13. Pete, Paris, and Pierre saw one female police officer among the police officers. She committed none of complained of acts. (*Id.* 57:1–58:10, 147:9–148:6, Ex. 3; Dep. Paris Mason 63:19–64:10, 69:8–70:15, 15:11–16:17, Ex. B; Dep. Pierre Mason 95:23–100:4, 132:22–133:14, Ex. C.)

14. Pete, Paris, and Pierre did not identify Defendant Officers as the police officers who committed the complained of conduct during a photo lineup to identify those police officers. (Aff. Leatheia Brady-Rhodes (**Ex. G**).)

15. No witness—including Plaintiffs—has identified the police officers who committed the complained of conduct as Officer Carroll, Officer Edwards, Officer Langle, Officer Obaldo, Officer Quintero, Officer Szubski, or Officer White. (Pete Mason Ans. Interrogs. 3, 4, 7 (**Ex. H**); Teresa Martin Interrogs. 3, 4, 7 (**Ex. I**); Paris Mason Ans. Interrogs. 3, 4, 7 (**Ex. J**); Pierre Mason Ans. Interrogs. 3, 4, 7 (**Ex. K**).)

16. After Officer Bernal's deposition, Paris and Pierre identified Officer Bernal as being "outside" their house during the complained of events. (Paris Mason Ans. Interrog. 12; Pierre Mason Interrog. 12.)

17. To police investigators, Paris described the police officers who committed the complained of conduct only as white, uniformed, and all male except one female. He could provide no other physical descriptions, names, or star numbers. (Dep. Paris Mason 15:11–16:17, Ex. B.)

18. To police investigators, Pierre described the police officers who committed the complained of conduct only as white, uniformed, and all male except one female. He could provide no other physical descriptions, names, or star numbers. (Dep. Pierre Mason 132:22–133:14, Ex. C.)

19. To police investigators, Pete described the police officers who committed the complained of conduct only as white, uniformed, and all male except one female. He could provide no other physical descriptions, names, or star numbers. (Dep. Pete Mason 147:9–148:6, Ex. 3.)

20. Beat numbers 733, 4220D, 4222D, 4226D, and 4223A appear on the dispatch report of the domestic battery in progress and the dispatch report of shots being fired. (City of Chicago, Office of Emerg. Mgmt. & Commc'ns, Bates No. FCRL000134; City of Chicago, Office of Emerg. Mgmt. & Commc'ns, Bates No. FCRL001395.)

21. Officer Quintero and Officer Langle were patrol officers assigned to beat number 733 of the Seventh District during December 13 and 14, 2008. (Dep. Gerardo Quintero, May 11, 2010, 15:3–16:1 (**Ex. L**).)

22. Officer Bernal and Officer Szubski were assigned to beat number 4220D of the Targeted Response Unit during December 13 and 14, 2008. (Belinda Bernal Ans. Interrogs. 13–14 (**Ex. M**); Stefan Szubski Ans. Interrogs. 13–14 (**Ex. N**).)

23. Officer Carroll and Officer Obaldo were assigned to beat number 4222D of the Targeted Response Unit during December 13 and 14, 2008. (Michael Carroll Ans. Interrogs. 13–14 (**Ex. O**); James Obaldo Ans. Interrogs. 13–14 (**Ex. P**).)

24. Officer Edwards and Officer White were assigned to beat number 4226D of the Targeted Response Unit during December 13 and 14, 2008. (Dep. Peter Edwards, May 11, 2010, 27:11–20, 10:24–11:13 (**Ex. Q**).)

25. The Targeted Response Unit supports patrol officers with companies of about 30 officers in 10-person teams at hotspots where a spike in crime has occurred or may occur. (*Id.* 17:21–21:9.)

                                                    Respectfully submitted,

                                                    By: /s/ Bhairav Radia
                                                         Bhairav Radia

Bhairav Radia
Assistant Corporation Counsel
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois  60602
*t* (312) 744-5106
*f* (312) 744-6566
*e* bhairav.radia@cityofchicago.org