**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA MARTIN and PETE MASON, on behalf of themselves individually and as the Parents and Guardians of PIERRE MASON and PARIS MASON, minors, | ) | 09-1903 |
| Plaintiffs, | ) | Judge Coleman |
| v. | ) | Magistrate Cox |
| CITY OF CHICAGO, JAMES OBALDO (Star # 12267), STEFAN SZUBSKI (Star # 4443), BELINDA BERNAL (Star # 12254), MICHAEL CARROLL (Star # 14575), GERARDO QUINTERO (Star # 5796), WILLIAM LANGLE (Star # 15098), PETER EDWARDS (Star # 5954) JOSEPH WHITE (Star # 14338), and other as yet UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**JOINT RULE 56.1(a)(3) STATEMENT**

Plaintiffs, TERESA MARTIN and PETE MASON, through their attorneys, Smith, Johnson & Antholt, LLC, respond to Defendants' Joint Local Rule 56.1 Statement of Facts as follows:

## DESCRIPTION OF THE PARTIES

1. Plaintiffs Teresa Martin ("Teresa") and Pete Mason ("Pete") brought this action individually and as the parents and guardians of Pierre Mason ("Pierre") and Paris Mason ("Paris"), both of whom are minors (collectively "Plaintiffs"). (Pls.' Third Am. Compl. ¶ 2 (**Ex. A**).)

**Response:** Admit.

2. Defendant Officers are Chicago Police Officers who are employed by the City of Chicago and who acted at all times relevant to this action in that capacity and under the color of law. (*Id.* ¶ 4.)

**Response:** Admit.

## JURISDICTION AND VENUE

3. The subject matter jurisdiction of this Court rests on 28 U.S.C. §§ 1331, 1343(a), 1367(a) because the action arises under 42 U.S.C. § 1983 and the state-law claims form part of the same case. (*Id.* ¶ 2.)

**Response:** Admit.

4. Venue is proper in this Court under 28 U.S.C. § 1391(a) because all defendants reside in the Northern District of Illinois and a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Illinois. (*Id.* ¶ 2, 4.)

**Response:** Admit.

## MATERIAL FACTS

5. On December 13, 2008, about 11:52 p.m., a report of a battery in progress involving 60 people near 7155 South Sangamon Street was dispatched to Chicago Police Officers. (City of Chicago, Office of Emerg. Mgmt. & Commc'ns, Bates No. FCRL001395 (**Ex. B**).)

**Response:** Admit.

6. Paris and Pierre were near the crowd on 72nd Street between South Sangamon Street and South Morgan Street. (Dep. Paris Mason, Feb. 11, 2010, 25:1–27:20 (**Ex. C**); Dep. Pierre Mason, Feb. 4, 2010, 34:17–37:20 (**Ex. D**).)

**Response:** Objection, vague as to near. Without waving the objection, admit.

7. About 11:54 p.m. a report of shots being fired east of 71st Street and May Street was dispatched to Chicago Police Officers. (City of Chicago, Office of Emerg. Mgmt. & Commc'ns, Bates No. FCRL000134 (**Ex. E**).)

**Response:** Admit.

8. Shots were fired in the crowd that Pierre and Paris were near. (Dep. Paris Mason 27:21–34:4; Dep. Pierre Mason, 38:23–42:14.)

**Response:** Objection, vague as to "in" and "near". Deny that the shots were fired in the crown. Admit Pierre and Paris heard shots come from near the crowd. (Id.)

9. After the shots were fired, Paris and Pierre ran to their house at 7250 South Morgan Street. (Dep. Paris Mason 7:4–10, 27:21–34:4; Dep. Pierre Mason, 9:17–23, 38:23–42:14.)

**Response:** Admit.

10. About 12:00 a.m. Pete opened his front door after hearing the doorbell ring at the house where he, Teresa, Paris, and Pierre lived at 7250 South Morgan Street. (Dep. Pete Mason, Jan. 28, 2010, 16:19–18:1, 44:7–45:9 (**Ex. F**).)

**Response:** Admit.

11. When Pete opened the door, Paris and Pierre were outside the house and police officers were "everywhere." (*Id.* 44:7–45:9, 49:10–50:4.)

**<u>Response</u>:** Admit that police officers were all over his front porch. (*Id.* 55:21-56:11.)

12. Pete saw "so many" police officers off his porch that he "couldn't even count them." From what he saw, it "looked like the whole police station was out there." (*Id.* 55:21-56:11.)

**<u>Response</u>:** Admit.

13. Pete, Paris, and Pierre saw one female police officer among the police officers. She committed none of complained of acts. (*Id.* 57:1–58:10, 147:9–148:6, Ex. 3; Dep. Paris Mason 63:19–64:10, 69:8–70:15, 15:11–16:17, Ex. B; Dep. Pierre Mason 95:23–100:4,132:22–133:14, Ex. C.)

**<u>Response</u>:** Deny. Admit that Pete, Paris and Pierre saw only one female police officer out their (Defendant officer Bernal). Deny that she did not commit any of the complained of acts. (*See* Plaintiff's Local Rule 56.1 Statement of Additional Facts ¶¶ 23, 24 25, 26, 27, 28, 34, 35, 36.)

14. Pete, Paris, and Pierre did not identify Defendant Officers as the police officers who committed the complained of conduct during a photo lineup to identify those police officers. (Aff. Leatheia Brady-Rhodes (**Ex. G**).)

**<u>Response</u>:** Admit that Pete, Paris and Pierre were not 100% certain as to whether any of the individuals in the over 100 photographs where the officers who committed the complained of conduct. (Aff. Leatheia Brady-Rhodes Ex. G and exhibits 1-3.)

15. No witness—including Plaintiffs—has identified the police officers who committed the complained of conduct as Officer Carroll, Officer Edwards, Officer Langle, Officer Obaldo, Officer Quintero, Officer Szubski, or Officer White. (Pete

Mason Ans.Interrogs. 3, 4, 7 (**Ex. H**); Teresa Martin Interrogs. 3, 4, 7 (**Ex. I**); Paris Mason Ans. Interrogs. 3, 4, 7 (**Ex. J**); Pierre Mason Ans. Interrogs. 3, 4, 7 (**Ex. K**).)

**Response:** Objection, vague as to "identified." Without waiving the objection, to the extent that "identified" refers to the photo line-ups, Plaintiffs admit as stated in reponse to #14. To the extent identified refers to identifying the officers involved through this litigation, Plaintiffs deny. (*See* Plaintiff's Local Rule 56.1 Statement of Additional Facts ¶¶ 10, 11, 12, 13, 14, 15, 20, 21, 22, 25, 26, 27, 28, 29, 30, 31, 34.)

16. After Officer Bernal's deposition, Paris and Pierre identified Officer Bernal as being "outside" their house during the complained of events. (Paris Mason Ans. Interrog. 12; Pierre Mason Interrog. 12.)

**Response:** Admit.

17. To police investigators, Paris described the police officers who committed the complained of conduct only as white, uniformed, and all male except one female. He could provide no other physical descriptions, names, or star numbers. (Dep. Paris Mason 15:11–16:17, Ex. B.)

**Response:** Admit that Paris did not provide further physical details to the investigator during the interview. Deny that he could not provide other physical descriptions. For example, Paris is asked to describe Officer Bernal in his deposition and he describes that the female had lighter colored hair and wore glasses. (Id. at 64.)

18. To police investigators, Pierre described the police officers who committed the complained of conduct only as white, uniformed, and all male except one female. He could provide no other physical descriptions, names, or star numbers. (Dep. Pierre Mason 132:22-133:14, Ex. C.)

**Response:** Deny. In his statement to the investigator, Pierre describes the officer who hit him as 5’9 white, clean shaved, dark hair. Further, he was not asked to describe the female officer during the interview. (Plaintiffs’ Exhibit A Dep. Pierre Mason 132:22-133:14, referring to contents of Deposition Ex. C.)

19. To police investigators, Pete described the police officers who committed the complained of conduct only as white, uniformed, and all male except one female. He could provide no other physical descriptions, names, or star numbers. (Dep. Pete Mason 147:9–148:6, Ex. 3.)

**Response:** Admit that Pete did not provide further details to the investigator; Deny that he could not provide other physical descriptions. For example Pete indentified more than one of the photo images in the photo lineup as looking like the officers at the scene. (Aff. Leatheia Brady-Rhodes Ex. G and exhibits 3.)

20. Beat numbers 733, 4220D, 4222D, 4226D, and 4223A appear on the dispatch report of the domestic battery in progress and the dispatch report of shots being fired. (City of Chicago, Office of Emerg. Mgmt. & Commc’ns, Bates No. FCRL000134; City of Chicago, Office of Emerg. Mgmt. & Commc’ns, Bates No. FCRL001395.)

**Response:** Admit that 733, 4220D, 4222D, 4226D, and 4223A appear on the dispatch report of battery in progress and shots being fired. Deny inference that this was a domestic battery, the dispatch reports are for battery in progress and the report of shots being fired. (Id.)

21. Officer Quintero and Officer Langle were patrol officers assigned to beat number 733 of the Seventh District during December 13 and 14, 2008. (Dep. Gerardo Quintero, May 11, 2010, 15:3–16:1 (**Ex. L**).)

**Response:** Admit.

22. Officer Bernal and Officer Szubski were assigned to beat number 4220D of the Targeted Response Unit during December 13 and 14, 2008. (Belinda Bernal Ans. Interrogs. 13–14 (**Ex. M**).

**Response:** Admit.

23. Officer Carroll and Officer Obaldo were assigned to beat number 4222D of the Targeted Response Unit during December 13 and 14, 2008. (Michael Carroll Ans. Interrogs. 13–14 (**Ex. O**); James Obaldo Ans. Interrogs. 13–14 **(Ex. P**).)

**Response:** Admit.

24. Officer Edwards and Officer White were assigned to beat number 4226D of the Targeted Response Unit during December 13 and 14, 2008. (Dep. Peter Edwards, May11, 2010, 27:11–20, 10:24–11:13 (**Ex. Q**).

**Response:** Admit

25. The Targeted Response Unit supports patrol officers with companies of about 30 officers in 10-person teams at hotspots where a spike in crime has occurred or may occur. (*Id.* 17:21–21:9.)

**Response:** Admit.

RESPECTFULLY SUBMITTED,

/s/ Christopher R. Smith
One of the Attorneys for Plaintiffs

Christopher Smith
Amanda Antholt
Robert W. Johnson
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor

Chicago, IL 60607
312.432.0400

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that Plaintiffs' Response to Defendants' Joint Rule 56.1 Statement of Facts was served on counsel for all parties by electronic means on January 24, 2011.

/s/ Christopher R. Smith