IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA MARTIN and PETE MASON, on behalf of themselves individually and as the Parents and Guardians of PIERRE MASON and PARIS MASON, minors, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF CHICAGO, JAMES OBALDO (Star #12267), STEFAN SZUBSKI (Star #4443), BELINDA BERNAL (Star #12254), MICHAEL CARROL (Star #14575), GERARDO QUINTERO (Star # 5796), WILLIAM LANGLE, (Star # 15098), PETER EDWARDS (Star # 5954), JOSEPH WHITE (Star # 14338), and other as yet UNKNOWN CHICAGO POLICE OFFICERS, <br><br> Defendants. | **Case No. 09 C 1903** <br><br><br> JUDGE COLEMAN <br><br> Magistrate Judge Cox |

**DEFENDANTS' REPLY IN FURTHER SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

Plaintiffs response to Defendants' motion for summary judgment does not refute Defendants' basic argument that there simply is not enough admissible evidence in this case from which a reasonable jury could hold Defendants liable. Defendants address below the points raised in Plaintiffs' response.

**I.    Several of Plaintiffs' facts in the statement of additional facts, responses to defendants' statement of additional facts, and factual allegations in their response brief should be stricken because they do not comply with Local Rule 56.1.**

The Seventh Circuit repeatedly has confirmed that a district court has broad discretion to require strict compliance with Local Rule 56.1. *See, e.g., Kozola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004); *Curran v. Kwon*, 153 F.3d 481, 486 (7th Cir.

1

1998) (citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (collecting cases)); *see also Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000) (stating that the Seventh Circuit "regularly upholds strict enforcement of Local Rule 56.1"). In this case, as explained below, several of Plaintiffs' factual allegations in their response brief, additional facts in their Local Rule 56.1(b)(3)(C) statement, and responses to Defendants' statement of material facts under Local Rule 56.1(b)(3)(B) do not comply with Local Rule 56.1.

    **I.A.** **The Court should disregard unsupported facts in Plaintiffs' statement of additional facts.**

Local Rule 56.1 requires that statement of facts contain allegations of material fact supported by admissible record evidence. See L.R. 56.1; *Malec*, 191 F.R.D. at 583-585. In their Local Rule 56.1(b)(3)(C) statement of facts (hereafter "Pls.' Facts"), Plaintiffs violate the local rule such that this Court should disregard many of their proposed "facts." In particular, some of Plaintiffs' proposed "facts" are unsupported by proper citations to the record (as identified in Defendants' Response to Plaintiffs' L.R.56.1(b)(3)(C) Statement of Additional Facts (hereafter "Defs.' Response to Pls.' Facts") ¶¶ 17-19, 21, 23, 26, 28, 29, 30-31, 33-34, 36-38) and these "facts" should be disregarded. *See Malec*, 191 F.R.D. at 583 ("factual allegations not properly supported by citation to the record are nullities"); *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 251 (7th Cir. 1995) (finding that the court is not required to scour the record in search of genuine issues of material fact where the non-moving party fails to do so). Further, several paragraphs of Plaintiffs' Local Rule 56.1(b)(3)(C) statement contain statements that are argumentative, conclusory, or lack foundation (as identified in Defs.' Response to Pls.' Facts ¶¶ 10, 14, 17-19, 23, 27, 30, 32, 34-39) and should be disregarded. *See, e.g., Jordan v. Summers*, 205 F.3d 337, 344 (7th Cir. 2000) (stating that conclusory statements do not create genuine

issues of material fact); *Joseph P. Caufield & Assoc., Inc. v. Litho Prods., Inc.*, 155 F.3d 883, 888 (7th Cir. 1998) (finding that evidence lacking foundation and containing conclusory statements is inadmissible at trial); *Bradley v. Work*, 154 F.3d 704, 707 (7th Cir. 1998) (finding that summary judgment cannot be opposed by materials that lack foundation).

      **I.B.**    **Defendants' facts to which Plaintiffs improperly responded are deemed admitted.**

Where a party improperly denies a statement of fact by failing to provide adequate or proper record support for the denial, the court deems the statement of fact admitted. See L.R.56.1(a), 56.1(b)(3)(B); *Witte v. Wisconsin Dep't of Corrections*, 434 F.3d 1031, 1036 (7th Cir. 2006) ("the judge will accept a fact properly proposed by one side as undisputed unless the other side properly responds to the proposed fact and establishes that it is in dispute"); *see also Malec*, 191 F.R.D. at 584 ("Factual allegations not properly supported by citation to the record are nullities."). The requirements for a response under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 528 (7th Cir. 2000). Similarly, the Court should disregard a denial that, although supported by admissible evidence, does more than negate its opponent's fact statement – that is, it is improper for a party to smuggle new facts into a response to a party's L.R.56.1 statement of facts. *See, e.g., Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008).

In this case, several of Plaintiffs' responses are evasive, do not properly dispute facts, or try to smuggle in new facts in their response (*see* ¶¶ 11, 13-15, 17-20 of Plaintiffs' Response to Defendants' L.R.56.1(a)(3) Statement (hereafter "Pls.' Response to Defs.' Facts")). Accordingly, Defendants' material facts set forth in ¶¶ 11, 13-15, 17-20, not properly denied by Plaintiffs,

3

should be deemed admitted. *Walridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994) (failure to comply with L.R. 56.1 is "not a harmless technicality").

### I.C. The Court should disregard unsupported factual allegations in Plaintiffs' response brief.

The court should disregard any additional statements of fact contained in a party's response brief but not in its L.R.56.1(b)(3)(B) statement of additional facts. *See, e.g., Malec*, 191 F.R.D. at 584 (citing *Midwest Imports*, 71 F.3d at 1317). In addition, where a party offers a legal conclusion or a statement of fact without offering proper evidentiary support, the court should not consider that statement. *See* Fed, R. Civ. P. 56(e); *see, e.g., Jordan*, 205 F.3d at 344 (stating that conclusory statements do not create genuine issues of material fact); *Malec*, 191 F.R.D. at 583 (stating that"[f]actual allegations not properly supported by citation to the record are nullities.").

In this case, the following statements of fact are contained in Plaintiffs' response brief, but not in Plaintiffs' L.R.56.1(b)(3)(B) statement of additional facts, and are not supported by any citation to the record: (1) "No one in the Mason family had committed any crime;" (2) ". . . there was no warrant for Defendants' search of their home;" (3) "Rather than complete contact cards, as required by the Department, the officers chose to hide from their brutality and sloppy work through silence;" (4) "No officer was willing to fill out any report that would create a paper trail . . .." See Pls.' Response Brief at 2. Because these statements of fact are devoid of any evidentiary support, they are conclusory statements that do not create genuine issues of material fact. Therefore, the Court must not consider them. *See* Fed, R. Civ. P. 56(e); *see, e.g., Jordan*, 205 F.3d at 344; *Malec*, 191 F.R.D. at 583.

**II.    Plaintiffs have failed to refute Defendants' argument that no evidence exists to show that Defendant Officers seized or used excessive force against them.**

In response to Defendants' argument in their opening brief that no evidence exists to show that these eight Defendant Officers were personally involved in seizing or using excessive force on Plaintiffs, Plaintiffs make two unpersuasive arguments. First, Plaintiffs argue the mere fact these eight Defendant Officers were present is sufficient for the finder of fact to consider this claim. Second, Plaintiffs argue "at trial" they will "describe in detail . . . who they saw by description, uniform, vehicle, and location." *See* Pls.' Response Brief at 10. As an initial matter, neither of these two arguments refute the central argument Defendants made in their opening brief – section 1983's personal responsibility requirement precludes liability based on mere proximity to the wrongdoer in an excessive force claim. *See* Defs.' Opening Brief at 2-4. Significantly, Plaintiffs do not cite a single case in support of either argument. *See* Pls.' Response Brief at 10. It is well settled that arguments not raised ina response to a motion for summary judgment are waived. *See, e.g., Laborer's International Union of North America v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999). Accordingly, the Court should grant Defendants summary judgment on the excessive force claim because Plaintiffs have not responded to Defendants' arguments on the claim.

In any event, both of Plaintiffs' arguments fail. First, as explained in defendants' opening brief, without identifying specific officers who allegedly used excessive force against them, Plaintiffs cannot create a genuine issue of material fact as to whether any Defendant Officer was personally responsible for the alleged constitutional deprivation. *See Horton v. Wilson*, 2002 WL 31719596, at *4-5 (N.D. Ill. Dec. 4, 2002 (Hibbler, J.) (granting summary judgment to unidentified police officers on excessive force claim); *see also Hunt v. Dart*, 2010 WL 4942152,

at *14 (N.D. Ill. Dec. 6, 2010) (Cole, M.J.) (granting summary judgment to unidentified correctional officers on excessive force claim); *Tomasso v. City of Chicago*, 782 F.Supp. 1231, 1235-36 (N.D. Ill. 1991) (Nordberg, J.) (granting summary judgment to unidentified police officers on excessive force claim); *Wagner v. Battiato*, 1989 WL 8539, at *2 (Kocoras, J.)

Second, the time to identify Defendant Officers who allegedly used excessive force against Plaintiffs is now, not at trial. The Seventh Circuit has consistently held summary judgment is the "put up or shut up moment in a lawsuit . . .." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007); *Jenkins v. Bartlett*, 487 F.3d 482, 493 (7th Cir. 2007) (reminding that the party who bears the burden of proof at trial on a claim is "obligated to come forth with evidence to support [the] claim in order to survive summary judgment."). Here, after more than a year of extensive discovery, including participating in a photo array of police officers, and having the opportunity to attend all police officer depositions, Plaintiffs have not identified a single officer who used force on them. The Court should not reward their lack of diligence with what will likely be a tainted in-court identification of officers at trial.

**III.A. Plaintiffs cannot sustain a valid failure to intervene claim because they cannot prevail on their excessive force claim.**

Plaintiffs attempt to intertwine their failure to intervene and excessive force claims into a seemingly unified claim for an obvious reason: their failure to intervene claim perishes without the underlying excessive force claim. "In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). As explained above, Plaintiffs cannot sustain an excessive force claim because they cannot show the Defendant Officers were personally responsible for the

alleged beating of Pete, Pierre and Paris. This Court must therefore enter judgment against Plaintiffs on their failure to intervene claim.

In *Harper v. Albert*, the Seventh Circuit held that prison guards could not be held jointly and severally liable on a failure to intervene claim when the inmate plaintiff could not establish that excessive force was used against him by any particular guard. *Harper*, 400 F.3d at 1064-65. The Seventh Circuit noted that it was the inmate plaintiff's burden to identify, through discovery, the guard who committed any constitutional violation against him. *Id.* at 1066. Plaintiffs would have this Court hold all of the Defendant Officers liable on a theory of collective punishment based upon appearing on the same dispatch report together, a principle the law does not permit. *See Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992); *Billups v. Kinsella*, 2010 WL 5110121, at *4 (N.D. Ill. Dec. 9, 2010).

**B.    Plaintiffs have failed to demonstrate that the mere appearance of the Defendant Officers on a dispatch report sustains a failure to intervene claim.**

Plaintiffs are correct in asserting that *Yang v. Hardin* establishes the standard for determining a valid failure to intervene claim. However, *Yang* is distinguishable from the present case for a number of reasons. While the present case is at the summary judgment stage, the procedural posture of the *Yang* case was an appeal of a default judgment in favor of an officer who allegedly failed to intervene. *See Yang v. Hardin*, 37 F.3d 282, 283 (7th Cir. 1994). *Yang* involved a claim of failure to intervene on excessive force when two police officers responded to a burglary call. *Id.* at 283-84. The officer who failed to intervene stood next to the squad car while his partner shoved the plaintiff store owner. *Id.* at 283. Later, the officer who failed to intervene sat in the passenger seat of the squad car as his partner repeatedly elbowed the plaintiff store owner from inside the car. *See id.*

7

By contrast, the evidence in this case shows simply that the eight Defendant Officers appear on a dispatch report related to shots fired without showing what, if any, realistic opportunity any of the Defendant Officers had to intervene in the beatings of Pete, Pierre, and Paris. Plaintiffs' claims that any of the Defendant Officers were actually present at 7250 S. Morgan are unsupported by the record. *See* Defs.' Response to Pls.' Facts ¶¶21, 26, 31, 34. In the absence of any affidavit or testimony from a witness competent to lay foundation for the cited exhibits, the Court cannot make reasonable inferences merely from the face of these documents in favor of Plaintiffs. *See Edwards v. Two Unknown Male Chicago Police Officers*, 623 F.Supp.2d 940, 944 n.3 (N.D. Ill. June 8, 2009) (Bucklo, J.). In fact, Plaintiffs make a feeble attempt to argue that Officers Edwards and White should be held liable on the failure to intervene claim despite conceding that the dispatch records show they were at least a block away from 7250 S. Morgan. *See* Pls.' Response Brief at 8, n. 1. Plaintiffs' failure to show evidence that any Defendant Officer was in a position to have a realistic opportunity to intervene dooms Plaintiffs' failure to intervene claim.

C. **Plaintiffs have failed to establish a known universe of officers that would allow their failure to intervene claim to survive.**

Plaintiffs have failed to establish a known universe of Defendant Officers with a realistic opportunity to prevent the alleged excessive force committed against Pete, Pierre and Paris. Plaintiffs admit Pete saw "so many" police officers off his porch that he "couldn't even count them" and that, to him, it "looked like the whole police station was out there." Pls.' Response to Defs.' Facts ¶12. Plaintiffs also admit Beat 4223A appears in addition to the Defendant Officers' beats on the dispatch report of battery in progress and shots fired that Plaintiffs claim place Defendant Officers at 7250 S. Morgan. *See id.*, ¶20. Plaintiffs' admissions create an

8

unknown universe as to the number of officers present at the scene such that Plaintiffs cannot sustain their failure to intervene claim. Plaintiffs haphazardly attempt to hold any officer who they deem present at the scene as liable on both excessive force and failure to intervene claims when they have cited no authority in support of their theory.

The appearance of Beat 4223 A on the dispatch report and Pete Mason's statement about the entire police station being present creates a scene that differs significantly from the known universe present in *Miller v. Smith*, 220 F.3d 491 (7th Cir. 2000), a case upon which Plaintiffs extensively rely. Plaintiffs cite to *Miller v. Smith* for the proposition that Plaintiffs are not required to establish specifically which officer committed excessive force against Pete, Pierre, and Paris Mason in order to hold the Defendant Officers liable. *Miller* is readily distinguishable because the plaintiff in *Miller* established a known universe of three officers who either beat the plaintiff or idly stood by while he lay handcuffed on the ground. *See Miller*, 220 F.3d at 495. In this case, Plaintiffs have admitted that the universe of officers present at the scene extends well beyond the Defendant Officers. Pls.' Response to Defs.' Facts ¶¶12, 20. Without having sufficient evidence to show the specific officers who *stood by* watching the beating of Pete, Paris, and Pete, let alone evidence to show the specific officers who *beat* them, Plaintiffs cannot prevail on their failure to intervene claim.

Plaintiffs' reliance on *Rodriguez v. City of Chicago* in support of their failure to intervene theory is similarly flawed. In *Rodriguez*, it was undisputed that the two defendant officers operated the police squadrol that transported plaintiff during the complained of seizure and assault. *See Rodriguez*, 2009 WL 4787937, at *4 (N.D. Ill. Dec. 9, 2009). Significantly, the two defendant squadrol officers in *Rodriguez* were the *only* officers present when the plaintiff was

9

allegedly transported to Lake Michigan and assaulted. *See id.* at *1-2, 4. The known universe of two squadrol officers in *Rodriguez* thus differs greatly from the unknown universe of the Defendant Officers and at least one additional police unit, if not the whole police station. Pls.' Response to Defs.' Facts ¶¶12, 20. Contrary to their assertion, Plaintiffs have failed to establish which, if any, of the Defendant Officers had a realistic opportunity to intervene in the alleged beatings of Pete, Pierre, and Paris.

Plaintiffs cite to *Grieveson v. Anderson* for the proposition that officers who stand by and allow others to commit constitutional violations are deemed personally involved. It is curious that Plaintiffs would cite to *Grieveson* as the trial court in *Grieveson* found in favor of defendants on six of seven alleged assaults on defendants' summary judgment motion. *Grieveson*, 538 F.3d 763, 778 (7th Cir. 2008). The only alleged assault that survived summary judgment is one in which the inmate plaintiff produced evidence that one of the jail officers witnessed other inmates attack the plaintiff but failed to intervene. *See id.* The key is the inmate plaintiff asserted that a particular named jail officer was the officer who witnessed his beating and did nothing. *See id.* For the six assaults that were dismissed, the inmate plaintiff only referred generally to jail officer "defendants" as having failed to intervene in the attacks against him. *Id.* at 777-78.

In this case, Plaintiffs have simply lumped all of the Defendant Officers together and, like the inmate plaintiff in *Grieveson*, asked this Court to sort out liability. "Vague references to a group of defendants, without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants." *Id.* at 778 (citations omitted). Plaintiffs have produced no evidence that any Defendant Officer specifically was in a position to witness Pete, Pierre, and Paris Mason being

10

beaten and therefore cannot prove any one of the Defendant Officers had the requisite reasonable opportunity to intervene.

Similarly, Plaintiffs' citation to *Gentry v. Duckworth* is distinguishable because of the known universe component. In *Duckworth*, the inmate plaintiff produced evidence the superintendent of the Indiana State Reformatory ordered prisoners like plaintiff be denied writing materials. *Gentry*, 65 F.3d 555, 561 (7th Cir. 1995). Again, unlike in the present case, the inmate plaintiff in *Gentry* pointed to a particular official who he alleged ordered the denial of writing materials. Plaintiffs have provided no evidence showing that any of the Defendant Officers were specifically present to witness the beating and had a realistic opportunity to intervene. Therefore, the Court should grant summary judgment in Defendants' favor on Plaintiffs' failure to intervene claim as to excessive force.

**IV. Plaintiffs have failed to refute Defendants' argument that no evidence shows Defendant Officers searched their home.**

It is well settled that arguments not raised in a response to a motion for summary judgment are waived. *See, e.g., Laborer's International*, 197 F.3d at 1197. In Defendants' opening brief, they argue no evidence – beyond the proximity assumption – shows Defendant Officers searched Plaintiffs' home or its curtilage. *See* Defs.' Opening Brief at 6-7. Leaving aside a few stray conclusory statements unsupported by the record, Plaintiffs' response brief does not even address, much less refute, Defendants' argument on the illegal search claim. *See* Pls.' Response Brief at 1-12. Therefore, Plaintiffs have waived their illegal search claim.

In any event, through their conclusory statements and proximity assumption, Plaintiffs have not shown enough evidence to create a genuine issue of material fact. Paris testified to seeing only two officers enter their home, and Pierre saw only one. *See* Ex. A attached to Pls.'

11

Facts (Paris Mason Deposition) at 40-41; Ex. B attached to Pls.' Facts (Pierre Mason Deposition) at 90-93, 100. Not only are there eight defendant officers in this case, but it is undisputed that more than eight officers could have been in proximity of the Mason home at the time of the alleged incident. Pls.' Response to Defs.' Facts ¶¶ 12, 20. Additionally no witness – including Plaintiffs – has identified any police officer who went into the house and searched it as Defendant Officer Carroll, Szubski, Obaldo, Bernal, Edwards, Langle, Obaldo, Quintero, or White (See Defs' Facts ¶¶ 13-19). In short, there were other police officers, *excluding* Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, White, and Bernal who could have committed the complained of conduct (See Defs.' Facts ¶¶ 12, 17-25; *see also* Pls.' Response to Defs.' Facts ¶¶ 12, 20). Significantly, it is undisputed that Pete saw "so many" police officers off his porch that he "couldn't even count them" and that, to him, it "looked like the whole police station was out there." Pls.' Response to Defs.' Facts ¶12. Without identifying which Defendant Officer went inside the house, Plaintiffs' illegal search claim cannot survive summary judgment. *See Stepney v. City of Chicago*, 2010 WL 4226525, at *4-5 (N.D. Ill. Oct. 20, 2010) (Zagel, J.) (granting summary judgment to two police officers after refusing to infer from the mere presence of officers at plaintiffs' home that they entered home).

Furthermore, neither Paris, nor Pierre could possible have seen what any person was doing inside the house, let alone whether they were searching, because they were on the porch while the officers went inside. *See* Ex. A attached to Pls.' Facts (Paris Mason Deposition) at 40-41; Ex. B attached to Pls.' Facts (Pierre Mason Deposition) at 90-93, 100. Thus, their testimony that officers searched their house is inadmissible, because it mere speculation, not based on personal knowledge. *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless

evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") As Rule 56(e) makes clear, conclusory allegations unsupported by evidentiary facts are insufficient to defeat a summary judgment motion. *See, e.g., Bradley*, 154 F.3d at 707 (stating that summary judgment cannot be opposed by materials that lack foundation).

V.     **Plaintiffs cannot argue for a failure to intervene claim on the illegal search in their response brief because they did not plead the claim in the complaint.**

It is well settled that a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Andree v. Ashland Co.*, 818 F.2d 1306, 1314 n. 11 (7th Cir. 1987) ("A civil Plaintiff is barred from injecting new allegations into his or her case by raising them after the defendant has filed a motion for summary judgment, for such a strategy fails to give adequate or fair warning as to the claims the defendant must address and against which it must defend."); *see also Stevens v. Housing Authority of South Bend*, 2010 WL 2560431, at *16-17 (N.D. Ind. June 23, 2010) ("An argument raised for the first time in response to a motion for summary judgment is not properly before the court.").

In this case, Plaintiffs pled a failure to intervene claim in their complaint, but only as to their underlying excessive force claim, not as to their underlying illegal search claim. *See* Third Amended Complaint, Dkt. Rprt. at # 113-1, attached as Ex. A to Defs.' Facts ¶¶ 38-42. Nor is there a single allegation in the complaint about Defendant Officers failing to intervene to stop Plaintiffs' home from being illegally searched. *Id.* at ¶¶ 1-47. Having failed to allege or plead a failure to intervene claim on illegal search in their third amended complaint, Plaintiffs are barred from inserting those allegations and claims through arguments in their brief in response to

Defendants' motion for summary judgment. See *Shanahan*, 82 F.3d at 781; *Andree*, 818 F.2d at 1314; *Stevens*, 2010 WL 2560431, at *16-17.

Accordingly, the Court must disregard all of Plaintiffs' arguments related failure to intervene on illegal search. Even if the Court considers Plaintiffs' failure to intervene claim on illegal search, there is no genuine issue of material fact because, as explained in the previous section, Plaintiffs have failed to adduce sufficient evidence to establish their illegal search claim, and their proximity assumption fails.

## VI. Plaintiffs misstate Illinois law in their assertion that the City may still be liable if none of the Defendant Officers are found liable on Plaintiffs' battery claim.

Plaintiffs misstate the law on the City's liability on Plaintiffs' battery claim should this Court dismiss Plaintiffs' battery claims against all of the Defendant Officers. In *McCottrell v. City of Chicago*, co-administrators of the decedent's estate identified certain paramedics as having proximately caused the decedent's death in their amended complaint. *McCottrell*, 135 Ill.App.3d 517, 518 (1 Dist. 1985). While the specific paramedics were identified in the body of the amended complaint, they were never named as defendants. *Id.* The Illinois appellate court found "it is sufficient for recovery against a public entity to prove that an *identified* employee would be liable" even though the employee is not named as a defendant in the lawsuit. *Id.* at 519 (emphasis added). Plaintiffs' "other mystery officers" (*see* Pls.' Response Brief at 11) cannot be deemed identified employees under *McCottrell*. Therefore, Plaintiffs erroneously assert that the City would be liable if this Court finds that Plaintiffs cannot sustain a battery claim against any of the Defendant Officers.

Similarly, Plaintiffs' citations to *Vodak v. City of Chicago* and its related case, *Beal v. City of Chicago*, do nothing to bolster Plaintiffs' faulty assertion of City liability. While the

court in *Vodak* held the City could be liable for the actions of police officers not added before the passing of the statute of limitations, the court specifically distinguished time-barred individual defendants from those found not liable. *Vodak*, 2006 WL 1049736, at *5 (N.D. Ill. April 19, 2006); *see Beal v. City of Chicago*, 2007 WL 1029364, at *14 (N.D. Ill. Mar. 30, 2007) (dismissing the plaintiffs' claims against time-barred defendant officers). A municipality will be found not liable for the torts of its employees in "those cases in which an affirmative finding was made that the individual officer was not liable." *Id.* The court in *Vodak* stated the law clearly that applies in this case: The City cannot be found liable on Plaintiffs' battery claims because the Defendant Officers cannot be found liable.

## **CONCLUSION**

For the reasons set forth above and in Defendants' opening brief, Defendants request this Court to grant summary judgment in their favor on all of Plaintiffs' claims.

    Respectfully submitted,

    s/Bhairav Radia

    Thomas Aumann
    Bhairav Radia
    Assistants Corporation Counsel
    Attorneys for defendants

City of Chicago Law Department
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 744-7630/5106