IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA MARTIN and PETE MASON, on behalf of themselves individually and as the Parents and Guardians of PIERRE MASON and PARIS MASON, minors, | ) ) ) ) | **Case No. 09 C 1903** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | JUDGE COLEMAN |
| CITY OF CHICAGO, JAMES OBALDO (Star #12267), STEFAN SZUBSKI (Star #4443), BELINDA BERNAL (Star #12254), MICHAEL CARROL (Star #14575), GERARDO QUINTERO (Star # 5796), WILLIAM LANGLE, (Star # 15098), PETER EDWARDS (Star # 5954), JOSEPH WHITE (Star # 14338), and other as yet UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Cox  **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
RULE 56.1(b)(3) STATEMENT OF ADDITIONAL FACTS**

Defendants James Obaldo, Stefan Szubski, Belinda Bernal, Michael Carroll, Gerardo Quintero, William Langle, Peter Edwards, Joseph White, and the City of Chicago, respond to Plaintiffs' Rule 56.1(b)(3)(B) Statement of Additional Facts as follows:

1. Pierre Mason and Paris Mason were twin fourteen-year-old brothers at the time of the complained incident. They lived at 7250 S. Morgan. (*Exhibit A, Paris Mason dep. at 7-8; Exhibit B Pierre Mason dep. at 9-10*).

**RESPONSE:** Admit that Pierre and Paris Mason were brothers at the time of the complained incident, and lived at 7250 S. Morgan. Deny they were twins or fourteen-years old because there is no support for those assertions in the record.

2. On December 13, 2008, the boys were on their way home when they saw arguing and fighting occurring within a crowd of about twenty people near Morgan Street. *(Exhibit B, Pierre Mason dep. at 32-34).*

**RESPONSE:** Admit.

3. Pierre and Paris were not in the group that was fighting. *(Exhibit B, Pierre Mason dep. at 33.)*

**RESPONSE:** Admit.

4. At 11:52:39, police dispatch reported a battery in progress near 7155 S. Sangamon *(Exhibit C, Chicago OEMC Documentation, at FCRL001395.)*

**RESPONSE:** Admit.

5. At 11:54:23, a dispatch reported that shots were fired east of 71st Street and May Street. *(Exhibit C, Chicago OEMC documentation, at FCRL000134.)*

**RESPONSE:** Admit.

6. Pierre and Paris heard gunfire and began to run. *(Exhibit B, Pierre Mason dep. at 39.)*

**RESPONSE:** Admit that Pierre heard gunfire and began to run, but deny that Paris heard gunfire and began to run, because there is no support for that assertion in the record citation.

7. The twins were wearing matching black and red jackets. *(Exhibit A, Paris Mason dep. at 29.)*

**RESPONSE:** Admit the brothers were wearing matching black and red jackets, but deny they were twins because that assertion is not supported by the record citation.

8. The boys ran into an alley on their way home to 7250 S. Morgan Street. *(Exhibit A, Paris Mason dep. at 31.)*

**RESPONSE:** Admit.

9. When they got home, the twins rang the doorbell. *(Exhibit A, Paris Mason dep at 3-34.)*

**RESPONSE:** Admit.

10. At 11:54:41 p.m. responding to a report for a battery and report of shots being fired near Morgan Street, Defendant Officers Carroll and Obaldo (Beat Number 4222d) pursued males who were wearing black jackets with red writing running north of 73rd Street through an alley. Beat 4222d communicated this ongoing chase over the dispatch radio from 11:33:37-11:57:29. *(Exhibit C, Chicago OEMC Documentation at FCRL000134; and see Def. Ex. O. Michael Carroll Ans. to Interrogs. Nos. 13-14 and Def. Ex. P, James Obaldo Ans. to Interrogs. Nos. 13-14.)* The pursuit ended at 7250 S. Morgan Street. *(Id.)*

**RESPONSE:** Objection to the use of the OEMC documentation because Plaintiffs have failed to lay the proper foundation for admitting these documents into evidence. In the absence of any affidavit or testimony from a witness competent to lay foundation for the cited exhibits, the Court cannot make reasonable inferences merely from the face of these documents in favor of Plaintiffs. *See Edwards v. Two Unknown Male Chicago Police Officers*, 623 F.Supp.2d 940, 944 n.3 (N.D. Ill. June 8, 2009) (Bucklo, J.). Accordingly, deny. Responding further, deny because the cited interrogatory answers do not support these assertions.

11. Officers charged at Paris and Pierre with their service weapons drawn, while the boys were waiting on their porch. *(Exhibit A, Paris Mason dep. at 34.)*

**RESPONSE:** Deny as to Defendant Officer Bernal because although Plaintiffs Paris and Pierre identified Defendant Officer Bernal, *after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts. *See* Defendants' Local Rule 56.1(a)(3) Statement of Material Facts (hereafter "Defs.' Facts) ¶¶13, 16.

Deny as to Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White because (1) no witness - including Plaintiffs - has identified any police officer who may

3

have charged at Paris and Pierre with their service weapons drawn as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White; and (2) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who could have charged at Paris and Pierre with their service weapons drawn, assuming Plaintiffs' allegations are true. *See* Defs.' Facts ¶¶12, 14, 15, 17-25. *See also* Plaintiffs' Response to Defendants' Rule 56.1(a)(3) Statement of Material Facts (hereafter "Pls.' Response") ¶12.

12. The first officer grabbed Pierre and struck him in the back of his neck. *(Exhibit B Pierre Mason dep. at 48-49.)*

**RESPONSE:** Deny as to Defendant Officer Bernal because although Plaintiffs Paris and Pierre identified Defendant Officer Bernal, *after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts. *See* Defs.' Facts ¶¶13, 16.

Deny as to Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White because (1) no witness - including Plaintiffs - has identified any police officer who may have grabbed Pierre and struck him in the back of his neck as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White; and (2) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who could have grabbed Pierre and struck him in the back of his neck, assuming Plaintiffs' allegations are true. *See* Defs.' Facts ¶¶12, 14, 15, 17-25. *See also* Pls.' Response ¶12.

13. This officer was male, had dark hair, and was wearing a Chicago Police uniform. *(Exhibit B, Pierre Mason dep. at 45-46 and 50-51.)*\

**RESPONSE:** Deny as to Defendant Officer Bernal because although Plaintiffs Paris and Pierre identified Defendant Officer Bernal, *after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts. *See* Defs.' Facts ¶¶13, 16.

Deny as to Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White because (1) no witness - including Plaintiffs - has identified any police officer who may have grabbed Pierre and struck him in the back of his neck as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White; and (2) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who could have grabbed Pierre and struck him in the back of his neck, assuming Plaintiffs' allegations are true. *See* Defs.' Facts ¶¶12, 14, 15, 17-25. *See also* Pls.' Response ¶12.

14. Two more police officers joined the first Defendant on the Mason's (sic) porch. *(Exhibit A, Paris Mason dep. at 38-40.)*

**RESPONSE:** Deny as to Defendant Officer Bernal because although Plaintiffs Paris and Pierre identified Defendant Officer Bernal, *after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts. *See* Defs.' Facts ¶¶13, 16.

Deny as to Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White because (1) no witness - including Plaintiffs - has identified any police officer who may have gone on the Masons' porch as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White; and (2) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who could have gone on the Masons'

5

porch, assuming Plaintiffs' allegations are true. *See* Defs.' Facts ¶¶12, 14, 15, 17-25. *See also* Pls.' Response ¶12.

15.	These Officers then slammed the boys to the ground. *(Exhibit A, Paris Mason dep. at 40.)*

**RESPONSE:** Deny as to Defendant Officer Bernal because although Plaintiffs Paris and Pierre identified Defendant Officer Bernal, *after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts. *See* Defs.' Facts ¶¶13, 16.

Deny as to Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White because (1) no witness - including Plaintiffs - has identified any police officer who could have slammed the boys on the ground as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White; and (2) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who could have slammed the boys on the ground, assuming Plaintiffs' allegations are true. *See* Defs.' Facts ¶¶12, 14, 15, 17-25. *See also* Pls.' Response ¶12.

16.	While the boys were on the ground additional officers arrived outside the Mason home. *(Exhibit A, Paris Mason dep. at 40-41.)*

**RESPONSE:** Admit additional officers arrived outside the Mason home, but deny they arrived when the boys were "on the ground" as that assertion is not supported by the record citation.

17.	At 12:00 a.m., Plaintiff Pete Mason, Pierre and Paris' father, opened his front door and witnessed Defendants striking Pierre. *See Def. Ex. F, Pete Mason dep. at 44-45.)*

6

**RESPONSE:** Admit that at *about* 12:00 a.m., Pete Mason opened his front door. Deny that he opened the door at exactly 12:00 a.m., and witnessed any Defendant Officer striking Pierre, as there is no support for those assertions in the record citation. Further, Pete Mason "never got a chance to look at" the officers on the porch of his home. *See* Ex. 3 attached to Ex. G attached to Defs.' Facts (Transcript of Pete Mason at photo array) at page 15 (Dkt. Rprt. #113-1, page 129 of 154). Further, (1) Pete Mason has not identified any police officer who may have gone on the Masons' porch as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White; and (2) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who could gone on the Masons' porch, assuming Plaintiffs' allegations are true. *See* Defs.' Facts ¶¶12, 14, 15, 17-25. *See also* Pls.' Response ¶12.

18. When Mr. Mason asked the Defendant Officers what was going on, Defendants grabbed him and began to strike him. *(Exhibit A, Paris Mason dep. at 40-41, and 47.)*

**RESPONSE:** Admit that Paris Mason testified at his deposition that he saw officers grab Mr. Mason and beat him, but deny that Mr. Mason asked *Defendant Officers* what was going on and deny that any *Defendant Officer* grabbed him and began to strike him because: (1) those assertions are not supported by the record citation; (2) although Plaintiffs Paris and Pierre identified Defendant Officer Bernal, *after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts. *See* Defs.' Facts ¶¶13, 16; (3) no witness - including Plaintiffs - has identified any police officer who may have grabbed Mr. Mason and struck him as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White (*See* Defs.' Facts ¶¶14, 15, 17-19)**;** and (4) there were

7

other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who may have grabbed Mr. Mason and struck him , assuming Plaintiffs' allegations are true. *See* Defs.' Facts ¶¶12, 17-25. *See also* Pls.' Response ¶12.

19. Defendants struck Pete with their fists and an unknown object. *(Exhibit A, Paris Mason dep. at 52.)*

**RESPONSE:** Admit that Paris Mason testified at his deposition that he saw officers strike Pete with their fists and "something," but deny that any *Defendant Officer* struck Pete with their fists and an unknown object because: (1) those assertions are not supported by the record citation; (2) although Plaintiffs Paris and Pierre identified Defendant Officer Bernal, *after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts *(See* Defs.' Facts ¶¶13, 16); (3) no witness - including Plaintiffs - has identified any police officer who may have struck Pete with their fists and an unknown object as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White (*See* Defs.' Facts ¶¶14, 15, 17-19) **;** and (4) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who may have grabbed Mr. Mason and struck him , assuming Plaintiffs' allegations are true. *See* Defs.' Facts ¶¶12, 17-25. *See also* Pls.' Response ¶12.

20. Defendant Officers Obaldo and Carroll cannot deny that they had physical contact with Pierre, Paris, and Pete Mason on December 13, 2008. *(See Def. Ex. O, Michael Carroll Ans. to Interrogs. No. 12; Def. Ex. P, James Obaldo Ans. to Interrogs. No. 12.)*

**RESPONSE:** Admit.

21. Defendant Officers Obaldo and Carroll, beat number 4222D, appear on the dispatch report of the battery in progress and shots being fired at 23:54:23 and cleared at *00:14*. *(Exhibit C, Chicago OEMC documentation at FCRL000134; and see Def. Ex. O, Michael Carroll Ans. to Interrogs. No. 13; Def. Ex. P, James Obaldo Ans. to Interrogs. No. 13.)*

**RESPONSE:** Admit that Defendant Officers Obaldo and Carroll, beat number 4222D, appear on the dispatch report of the shots being fired at 23:54:23 and cleared at *00:14*.

Deny that beat number 4222D appears on the dispatch report of the battery in progress because that assertion is not supported by the record citation.

22. Paris and Pierre identified Officer Bernal during her deposition. *(See Def. Local Rule 56.1 Statement of Facts at No. 16).*

**RESPONSE:** Admit.

23. While the excessive force continued, Defendant Officer Belinda Bernal stood near Paris and watched as the other Defendants beat Pete Mason. *(Exhibit A, Paris Mason dep. at 69-71.)*

**RESPONSE:** Deny that any "excessive force" was used as this is a legal conclusion, not a fact; therefore, improper to assert in a L.R. Rule 56.1(1)(b)(3)(B) statement of facts. Responding further, deny that Defendant Officer Bernal "watched" the complained of conduct because that assertion is not supported by the record citation. Responding further, deny that any *Defendant Officer* beat Pete Mason because: (1) those assertions are not supported by the record citation; (2) no witness - including Plaintiffs - has identified any police officer who may have beat Pete Mason as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White (*See* Defs.' Facts ¶¶14, 15, 17-19)**;** and (3) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who may have beat Pete Mason, assuming Plaintiffs' allegations are true. *See* Defs.' Facts ¶¶12, 17-25. *See also* Pls.' Response ¶12.

9

24. After he was beaten, Pierre was moved to the bottom of the stairs where Defendant Bernal stood watch over him and his brother. *(Exhibit B, Pierre Mason dep. at 95-96.)*

**RESPONSE:** Admit that Pierre was moved to the bottom of the stairs, but deny that\ Pierre "was beaten" and deny that "Defendant Bernal stood watch over him and his brother" because neither of those assertions is supported by the record citation.

25. Paris remembers Officer Belinda Bernal arriving with a male partner, identified in OEMC records as Stefan Szubski. *(Exhibit A, Paris Mason dep. at 64; Def. Ex. M Belinda Bernal Ans. to Interrogs. No. 16.)*

**RESPONSE:** Admit.

26. Defendants Bernal and Szubski do not deny that they were at the location of 7250 S. Morgan at 11:59 p.m. (See Def. Ex. M, Belinda Bernal Ans. to Interrogs. Nos. 13-14, Def. Ex. N, Defendant Szubski Ans. Interrogs. Nos. 13-14.)

**RESPONSE:** Deny because this assertion is not supported by the record citation. According to the record citations, Defendants Bernal and Szubski do not deny that they "may have been *near* 7250 S. Morgan on the night of December 13 or 14, 2008 . . . ." *See* Ex. M to Defs.' Facts (Belinda Bernal Ans. to Interrogs. No. 14); Ex. N to Defs.' Facts (Defendant Szubski Ans. to Interrogs. Nos. 14).

27. Defendants instead refer to their Unit Queries for their whereabouts and activities on December 13-14, 2008. Event number 0834819135, a battery in progress, in the produced OEMC documents shows that Bernal and Szubski, beat number 4220D, reported having "suspects in custody" at 11:57:40 p.m. on December 13, 2008; and reported their location as at 7250 Morgan at 11:58:57 with Langle and Quintero, beat number 773. *(Exhibit C, Chicago OEMC Documentation at FCRL000134 and FCRL001395; Exhibit D, Unit Query for Unit 4220D, FCRL000123).*

**RESPONSE:** Objection to the use of the OEMC documentation and Unit Query because Plaintiffs have failed to lay the proper foundation for admitting these documents into evidence. In the absence of any affidavit or testimony from a witness competent to competent to lay

10

foundation for the cited exhibits, the Court cannot make reasonable inferences merely from the face of these documents in favor of Plaintiffs. *See Edwards v. Two Unknown Male Chicago Police Officers*, 623 F.Supp.2d 940, 944 n.3 (N.D. Ill. June 8, 2009) (Bucklo, J.). Accordingly, deny.

28.     Defendants Bernal and Szubski do not deny that they had suspects (Pete, Paris and Pierre Mason) in custody at 11:57:40 p.m. on December 13, 2008. *(See Def. Ex. M, Belinda Bernal Ans. to Interrogs. Nos. 13-14, Def. Ex. N, Defendant Szubski Ans. Interrogs. Nos. 13-16.)*

**RESPONSE:** Deny. These assertions are not supported by the record citation. The cited interrogatories do not ask, and the answers do not state, whether Bernal and Szubski "had suspects (Pete, Paris, and Pierre Mason) in custody at 11:57:40 p.m. on December 13, 2008."

29.     Beat numbers 4220D (Defendant Officers Bernal and Szubski), 4222D (Defendant Officers Carroll and Obaldo), 4226D (Defendant Officers Edwards and White) and 0733 (Defendant Officers Langle and Quintero) all appear on the dispatch reports concerning event number 0834819155 and 0834819135. *Exhibit C, Chicago OEMC Documentation at FCRL000134 and FCRL001395.)*

**RESPONSE:** Deny that the cited beat numbers "*all* appear on the dispatch reports concerning event number 0834819155 *and* 0834819135." Admit that beat numbers 4220D and 4226D appear on the OEMC event queries concerning event numbers 0834819155 and 0384819135. Admit that beat number 4222D appears only on the OEMC event query concerning event number 0834819155. Admit that beat number 733 appears only on the OEMC event query concerning event number 0834819135. Deny that beat number 4222D appears on the OEMC event query concerning event number 0834819135, because the cited exhibit does not support that assertion. Deny that beat number 733 appears on the OEMC event query concerning even number 0834819155, because the cited exhibit does not support that assertion.

30. The Dispatch Report of events 0834819155 (shots fired) and 0834819135 (battery), describe the same chase and both include the activities ending at Plaintiff's home with three individuals in custody. *(Exhibit C, Chicago OEMC Documentation at FCRL000134 and FCRL001395.)*

**RESPONSE:** Deny. Objection to the use of the OEMC documentation and Unit Query for the assertions made because Plaintiffs have failed to lay the proper foundation for admitting these documents into evidence, and in the absence of any affidavit or testimony from a witness competent to lay foundation for the cited exhibits, the court cannot make any inferences, such as the one plaintiffs make here - that these documents "describe the same chase and both include the activities ending at Plaintiff's home with three individuals in custody" - merely from the face of these documents. *See Edwards v. Two Unknown Male Chicago Police Officers*, 623 F.Supp.2d 940, 944 n.3 (N.D. Ill. June 8, 2009) (Bucklo, J.). Responding further, deny that the event query for event number 0834819135 is a report of "battery" as that assertion is not supported by the cited exhibit.

31. Defendant Officers Edwards and White, beat number 4226D, appear on the dispatch report as shots being fired at 23:57:48 as having three in custody. *(Exhibit C, Chicago OEMC Documentation at FCRL001395.)*

**RESPONSE:** Deny. There is no support in the record citation for this assertion. The cited exhibit does not appear to be a report of shots fired, nor does beat number 4226D appear on this document as having anyone in custody, much less "three in custody." To the contrary, beat 4226D appears only once on the face of the cited document, next to the address "7244 S. Sangamon." *See* Pls.' Ex. C (FCRL001395), attached to Pls.' Facts.

32. The "3 in custody" at 7240 S. Morgan are Pete, Pierre, and Paris Mason. *(Exhibit B, Pierre Mason dep. at 100.)*

**RESPONSE:** Deny. Objection to the use of the OEMC documentation and Unit Query for the assertions made because Plaintiffs have failed to lay the proper foundation for admitting these documents into evidence, and in the absence of any affidavit or testimony from a witness competent to lay foundation for the cited exhibits, the court cannot make any inferences, such as the one Plaintiffs make here - that "'[t]he 3 in custody" at 7240 S. Morgan are Pete, Pierre, and Paris Mason'" - merely from the face of these documents. *See Edwards v. Two Unknown Male Chicago Police Officers*, 623 F.Supp.2d 940, 944 n.3 (N.D. Ill. June 8, 2009) (Bucklo, J.).

33. Additional cars came to the scene, four cars total. (Exhibit B, Pierre Mason dep. at 72.

**RESPONSE:** Deny. This assertion is not supported by the cited deposition testimony. To the contrary, Pierre testified that he saw "more than two cars." See Ex. B attached to Pls.' Facts (Pierre Mason Deposition) at 72, lines 18-24. Responding further, it is undisputed that Plaintiff Pete Mason saw "so many" police officers off his porch that he "couldn't even count them." From what Pete saw, it "looked like the whole police station was out there." Pls.' Response to Defs.' Facts ¶12.

34. Defendant Officers Langle and Quintero, beat number 0733, first appear on the dispatch report at 23:58:28, and were at 7250 S. Morgan with 4220D (Bernal and Szubski) at 23:58. They cleared 7250 S. Morgan at 00:13:23. *(Exhibit C, Chicago OEMC Documentation at FCRL000134 and FCRL001395; and see Def. Ex. L, Gerardo Quintero, dep. at 15:3-16:1.)*

**RESPONSE:** Deny. Objection to the use of the OEMC documentation for the assertions made because Plaintiffs have failed to lay the proper foundation for admitting these documents into evidence, and in the absence of any affidavit or testimony from a witness competent to lay foundation for the cited exhibits, the court cannot make any inferences, such as the one Plaintiffs make here merely from the face of these documents. *See Edwards v. Two Unknown Male*

13

*Chicago Police Officers*, 623 F.Supp.2d 940, 944 n.3 (N.D. Ill. June 8, 2009) (Bucklo, J.). Responding further, deny that "beat number 0733, *first appear* on the dispatch report at 23:58:28" because that assertion is not supported by the cited exhibits.

 35. Minutes after the officers were beating Pete, Defendant Officers went into the house and searched the home for a gun. *(Exhibit A, Paris Mason dep. at 40-41, Exhibit B, Pierre Mason dep. at 90-93.)*

 **RESPONSE:** Admit that Paris and Pierre Mason testified at their depositions that they saw officers beat Pete, but deny that any *Defendant Officer* beat Pete or went into the house and searched the home for a gun because those assertions are not supported by the cited deposition testimony, in that Paris testified to seeing only two officers enter their home, and Pierre to seeing only one, whereas there are eight defendant officers in this case; and neither Paris nor Pierre could possibly have seen what any person was doing inside the house, let alone searching, because Paris and Pierre were on the porch while the officers went inside. *See* Ex. B attached to Pls.' Facts (Pierre Mason Deposition) at 90-93, 100. Responding further, deny that any *defendant* officer searched the Mason home because: (1) although Plaintiffs Paris and Pierre identified Defendant Officer Bernal, *after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts. (*See* Defs.' Facts ¶¶13, 16); (2) no witness - including Plaintiffs - has identified any police officer who may have beat Pete or gone into the house and searched for a gun as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White (*See* Defs.' Facts ¶¶14, 15, 17-19) **;** and (3) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who may have grabbed Mr. Mason and struck him, assuming Plaintiffs' allegations are true. (*See* Defs.' Facts ¶¶12, 17-25. *See also* Pls.' Response ¶12).

14

36. The Defendant officers ransacked the home. *(Exhibit B, Pierre Mason dep. at 101-102.)*

**RESPONSE:** Deny that the home was "ransacked" as the cited deposition testimony does not support that characterization. Responding further, deny that any *defendant* officers searched, much less ransacked the Mason home because those assertions are not supported by the cited deposition testimony, in that Pierre testified to seeing only one officer enter their home, whereas there are eight defendant officers in this case; and Pierre not could possibly have seen what any person was doing inside the house, let alone searching or ransacking, because Pierre was on the porch while the officers went inside. *See* Ex. B attached to Pls.' Facts (Pierre Mason Deposition) at 90-93, 100. Responding further, deny that any *defendant* officer searched the Mason home because: (1) although Plaintiffs Paris and Pierre identified Defendant Officer Bernal, *after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts. (*See* Defs.' Facts ¶¶13, 16); (2) no witness - including Plaintiffs - has identified any police officer who may have beat Pete or gone into the house and searched for a gun as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White (*See* Defs.' Facts ¶¶14, 15, 17-19) **;** and (3) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who may have grabbed Mr. Mason and struck him, assuming Plaintiffs' allegations are true. (*See* Defs.' Facts ¶¶12, 17-25. *See also* Pls.' Response ¶12).

37. The Defendant Officers all left after they took the handcuffs off Pierre, Paris and Pete Mason. *(Exhibit B, Pierre Mason dep. at 100).*

15

**RESPONSE:** Deny that any *defendant* officer left after they took the handcuffs off Pierre, Paris and Pete Mason because (1) this assertion is not supported by the cited deposition testimony; (2) although Plaintiffs Paris and Pierre identified Defendant Officer Bernal, *after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts. (*See* Defs.' Facts ¶¶13, 16); (3) no witness - including Plaintiffs - has identified any police officer who may have beat Pete or gone into the house and searched for a gun as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White (*See* Defs.' Facts ¶¶14, 15, 17-19) **;** and (4) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who may have grabbed Mr. Mason and struck him, assuming Plaintiffs' allegations are true. (*See* Defs.' Facts ¶¶12, 17-25. *See also* Pls.' Response ¶12).

      38.    Paris estimated the length of time the defendant officers searched the Mason home to have been 30 minutes. *(Exhibit A, Paris Mason dep. at 40-41.)*

**RESPONSE:** Admit that Paris estimated the length of time a "couple of officers" went inside the Mason home to have been approximately 30 minutes, but deny that any *defendant* officers *searched* the Mason home because those assertions are not supported by the cited deposition testimony, in that Paris testified that to seeing only two officers enter their home, whereas there are eight defendant officers in this case; and Paris could not possibly have seen what any person was doing inside the house, let alone searching, because he and Pierre were on the porch while the officers went inside. *See* Ex. B attached to Pls.' Facts (Pierre Mason Deposition) at 90-93, 100. Responding further, deny that any *defendant* officer searched the Mason home because (1) although Plaintiffs Paris and Pierre identified Defendant Officer Bernal,

*after her deposition,* as the only female police officer they saw "outside" their house, they testified that she committed none of the complained of acts. (*See* Defs.' Facts ¶¶13, 16); (2) no witness - including Plaintiffs - has identified any police officer who may have beat Pete or gone into the house and searched for a gun as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White (*See* Defs.' Facts ¶¶14, 15, 17-19) **;** and (3) there were other police officers, excluding Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White, who may have grabbed Mr. Mason and struck him, assuming Plaintiffs' allegations are true. (*See* Defs.' Facts ¶¶12, 17-25. *See also* Pls.' Response ¶12).

39. At 12:24 a.m. on December 14, 2008, Plaintiff Teresa Martin called the Chicago Police Department to report the Defendant Officers' unconstitutional behavior toward her children and home. (Exhibit E, Chicago OEMC Documentation at FCRL000135.)

**RESPONSE:** Admit that at 12:24 a.m. on December 14, 2008, Plaintiff Teresa Martin called the Chicago Police Department to report some police officers' behavior. Deny that the behavior was "unconstitutional" because that is a legal conclusion, not a fact; therefore, improper to assert in a L.R. Rule 56.1(1)(b)(3)(B) Statement of Facts. Responding further, deny that Plaintiff Martin attributed any complained of behavior to any *Defendant Officer* because (1) that assertion is not supported by the record citation; and (2) no witness - including Plaintiffs - has identified any police officer who may have beat Pete or gone into the house and searched for a gun as Defendant Officers Carroll, Edwards, Langle, Obaldo, Quintero, Szubski, and White (*See* Defs.' Facts ¶¶12, 14, 15, 17-19). Responding further, deny that Plaintiff Martin reported any behavior toward *her children*, because, in the absence of any affidavit or testimony from a witness competent to lay foundation for the cited exhibit, all that Plaintiff Martin appears to have reported are: "officers were disrespectful," "shots" were "fired," "her kids were outside and kids

17

ran for cover," "police in uniform came in and ransacked her [apartment]." *See* Plaintiff's Exhibit E attached to Pls.' Facts. There is no "report" of any physical misconduct towards her children according to the cited exhibit. *See id.*

      40.    Pierre and Pete went to the hospital that morning. *(Exhibit B, Pierre Mason dep. at 111.)*

      **RESPONSE:** Admit.

Respectfully submitted,

BY: /s/ Bhairav Radia
BHAIRAV RADIA
Assistant Corporation Counsel

City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-5106 (phone)
Attorney No. 06293600

**CERTIFICATE OF SERVICE**

      I, BHAIRAV RADIA, an attorney, certify that I caused copies of this notice and the attached document to be served on CHRISTOPHER SMITH, Smith, Johnson, & Antholt, LLC, 112 South Sangamon Street - 3rd Floor, Chicago, Illinois 60607, by this Court's electronic filing system, on this 17th day of February, 2011.

                                                                         /s/ Bhairav Radia
                                                                         BHAIRAV RADIA
                                                                         Assistant Corporation Counsel

City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-5106 (phone)
Attorney No. 06293600