# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERESA MARTIN and PETE MASON, individually and as the parents and guardians on behalf of PIERRE MASON and PARIS MASON, minors, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, JAMES OBALDO (Star #12267), STEFAN SZUBSKI (Star #4443), BELINDA BERNAL (Star #12254), MICHAEL CARROLL (Star #14575), GERARDO QUINTERO (Star #5796), WILLIAM LANGLE (Star #15098), PETER EDWARDS (Star # 5954), JOSEPH WHITE (Star #14338), et al., <br><br> Defendants. | Case No. 09 C 1903 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Susan Cox |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Teresa Martin and Pete Mason filed a Third Amended Complaint on behalf of themselves and their two minor sons, Pierre Mason and Paris Mason, alleging excessive force, failure to intervene and illegal search in violation of §1983 as well as an Illinois state law claim for battery and indemnity. Defendant police officers and the City of Chicago filed for summary judgment [111] pursuant to Federal Rule of Civil Procedure 56(b) on the basis that plaintiffs cannot show that any of the named officers were involved in the alleged incident. For the reasons that follow, the motion is granted in part and denied in part.

## Background

The basic facts are largely undisputed. Plaintiffs allege that on the evening of December

13, 2008, shortly before midnight, twin fourteen-year-old brothers Pierre and Paris Mason were returning home from a party. (Third Am. Compl., Dkt. 105 at ¶3, 6.) The boys were walking along 72nd Street to their home at 7250 S. Morgan St. in Chicago, Illinois. (Def. Local Rule 56.1(a)(3) Statement of Material Facts, Dkt. 113 at ¶6.) Pierre and Paris were wearing matching black and red jackets. (Def. Response to Pl.'s Local Rule 56.1(b)(3) Statement of Additional acts, Dkt. 131, ¶7.) As Pierre and Paris were walking, they saw a fight in the street and a crowd gathering. (Id. at ¶2.) Pierre and Paris heard two shots and ran after the second shot. (Id. at ¶6.) They ran south down the alley behind Morgan Street. (Id. at ¶8.) Pierre and Paris reached the front porch of their home and began ringing the door bell. (Id. at ¶9.) A police officer came through the gangway and a squad car pulled up in front of the house and two police officers got out. ( Paris Mason Dep., Dkt. 113, Ex. C at 34.) Paris and Pierre testified in their depositions that the officers had their weapons drawn and the boys raised their hands in the air. ( Paris Mason Dep., Dkt. 113, Ex. C at 34; Pierre Mason Dep., Dkt. 113, Ex.D at 42.)

Paris and Pierre's father, Pete Mason, opened the door as police officers were hitting Pierre. (Pete Mason Dep., Dkt. 113, Ex. F at 44-45.) Paris testified that an officer slammed him to the ground. (Paris Mason Dep., Dkt. 122, Ex. A at 40.) Paris, Pierre, and Pete all testified that one of the officers was punching Pierre in the head and neck as he lay face down on the porch with his hands cuffed behind his back. (Paris Mason Dep., Dkt. 122, Ex. A at 40; Pierre Mason Dep., Dkt. 122, Ex. B at 48-49; Pete Mason Dep., Dkt. 113, Ex. F at 45, 58.) Paris and Pete testified that the police officers slammed him to the ground and began beating him with an object and with their fists. ( Paris Mason Dep., Dkt. 122, Ex. A at 47, 52; Pete Mason Dep., Dkt. 113, Ex. F at 45, 50.) Pierre, Paris and Pete all testified that there were three white male officers on

the porch and a white female police officer at the bottom of the steps. ( Pierre Mason Dep., Dkt. 122, Ex. B at 45, 51; Paris Mason Dep., Dkt. 122, Ex. A at 38-40; Pete Mason Dep., Dkt. 113, Ex. F at 45, 55.) Pierre testified that at least two additional squad cars pulled up after the first one. (Pierre Mason Dep., Dkt. 122, Ex. B at 72.) Paris testified that there were about four or five police officers on the scene. ( Paris Mason Dep., Dkt. 122, Ex. A at 64.) Paris, Pierre and Pete testified that only one female officer was on the scene and all the other officers were white men. (See Paris Mason Dep., Dkt. 122, Ex. A; Pierre Mason Dep., Dkt. 122, Ex. B; Pete Mason Dep., Dkt. 113, Ex. F at 57.) Paris describe the female officer as having lighter color hair and glasses. (Paris Mason Dep., Dkt. 122, Ex. A at 64). Pierre also testified that the female officer had glasses. ( Pierre Mason Dep., Dkt. 122, Ex. B at 96.) One or two police officers entered the home.( Paris Mason Dep., Dkt. 122, Ex. A at 41; Pierre Mason Dep., Dkt. 122, Ex. B at 91.) All the officers on the scene were in Chicago Police uniforms. Paris, Pierre and Pete were handcuffed for approximately thirty minutes before being released. Pete and Pierre were treated at a hospital the following day. ( Pierre Mason Dep., Dkt. 122, Ex. B at 111.)

## **Legal Standard**

A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials of file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for the Court construes all reasonable inferences in the light most favorable to the non-moving party. Abdullahi v. City of Madison, 423 F. 3d 763, 773 (7th Cir. 2005) . The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that

requires a trial to resolve. Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S. 317, 324 (1986).

**Discussion**

Defendants assert that they are entitled to summary judgment because (1) no evidence satisfies section 1983's personal responsibility requirement for Counts I, II, and III; (2) no evidence shows that the defendant officers touched plaintiffs in order to establish a battery claim in Count IV; and (3) no underlying claim exists to establish liability derivatively against the City. (Dkt. 112, at 3.) The basic premise of defendants' argument is that none of the plaintiffs have been able to positively identify any of the named police officers, and thus plaintiffs cannot establish that any of these particular officers acted or failed to act with a deliberate or reckless disregard of plaintiff's constitutional rights. (Id.)

In addition to the depositions of Paris and Pierre Mason, plaintiffs proffer several Office of Emergency Management and Communications' ("OEMC") documents in opposition to defendants motion. Defendants object to the Court's consideration of these documents on the basis that without supporting testimony or affidavits the documents lack proper foundation. Defendants cite Edwards v. Two Unknown Male Chicago Police Officers for the proposition that the Court cannot make reasonable inferences merely from the face of these documents. See 623 F. Supp. 2d 940, 944 n.3 (N.D.Ill. June 8, 2009)(Bucklo, J.). In that case, Judge Bucklo stated, with respect to a "Chicago Police Department Event Query" and "Chicago Police Department Dispatch Audio Tape Transcript of July 16, 2006," that "[w]ithout any accompanying affidavit or testimony, I cannot discern what the event query document shows." Id. However, this Court has no knowledge or information about the evidence presented in Edwards relative to the inference the plaintiff in that case was asking the Court to make. Edwards does not support the

conclusion that OEMC event queries or dispatch printouts can never be used in support of summary judgment.

Indeed, "[t]he evidence relied upon must be competent evidence of a type otherwise admissible at trial." Bombard v. Fort Wayne Newspapers, 92 F.3d 560, 562 (7th Cir. 1996). However, evidence presented in opposition to a summary judgment motion "need not be in admissible form, but it must be admissible in content." Payne v. Pauley, 337 F.3d 767, 775 n.3 (7th Cir. 2003). Here, assuming plaintiffs lay a proper foundation at trial, the OEMC documents offered by plaintiff to defeat the summary judgment motion are admissible and demonstrate a genuine issue of material fact when examined in light of the other record evidence.

Nevertheless, nothing in the OEMC documents or the record presents any evidence that defendant Officers Peter Edwards and Joseph White, Unit 4226D, were at 7250 S. Morgan on the night of December 13, 2008. The only reference contained in the evidence offered by plaintiff shows that Unit 4226D were at 7244 S. Sangamon Street on the night in question. Accordingly, this Court grants summary judgment as to defendant Edwards and defendant White.

This Court also grants partial summary judgment to defendant Officer Belinda Bernal. Although the testimony from Pierre, Paris, and Pete Mason shows that only one female officer was present on the scene and the OEMC documents indicate that Officer Bernal was that female officer, all three testified in their depositions that the female officer did not participate in any of the force used during the incident or the search of the home. ( Pete Mason Dep., Dkt. 113, Ex. F at 57-58, 147-148; Paris Mason Dep., Dkt.113, Ex. C at 63-64, 69-70; Pierre Mason Dep., Dkt. 113, Ex. D at 95-100.) Therefore, this Court grants partial summary judgment to defendant

Bernal on the allegations of excessive force, illegal search and battery.

With respect to the remaining defendants, Officers Carroll, Obaldo, Szubski, Langle, and Quintero, plaintiff has presented sufficient evidence to show that these officers were at the Mason home on the night in question. Defendant Officers Carroll and Obaldo are beat or unit 4222D. (Michael Carroll Ans. to Interrogs. Nos. 13-14 and James Obaldo Ans. to Interrogs. Nos. 13-14, Dkt.113-2, Ex. O, P.) At 11:54:41 p.m., unit 4222D was dispatched to a report of shots fired. (OEMC Doc. FCRL 000134, Dkt. 122, Ex. C.) The dispatch report indicates that unit 4222D pursued males in black jackets with red writing running north of 73rd Street through an alley on foot towards Morgan at 73rd. (OEMC Doc. FCRL 000134, Dkt. 122, Ex. C.) Pierre testified in his deposition that the first officer grabbed him and struck him in the back of the neck. (Pierre Mason Dep., Dkt. 122, Ex. B. at 48-49.) Pierre described the officer as male with dark hair and wearing a Chicago Police Department uniform. (Id. at 45-46 and 50-51.) This evidence is at least sufficient to support the inference that Officers Carroll and Obaldo were on the scene and pursued Paris and Pierre Martin. Thus, summary judgment is denied with respect to defendants Carroll and Obaldo.

Paris testified that one officer came through the gangway. (Paris Mason Dep., Dkt. 113-1, Ex. C. at 63-64.) Paris testified that two more police officers joined the first officer on the porch. (Paris Mason Dep., Dkt. 122, Ex. A. at 38-40.) Paris further testified that two more officers arrived one male and one female. (Paris Mason Dep., Dkt. 113-1, Ex. C. at 64.) Officer Stefan Szubski is Officer Bernal's partner and they are unit/beat 4220D. (Belinda Bernal Ans. to Interrogs. No. 16, Dkt.113-2, Ex. M.) Unit 4220D was at 7250 S. Morgan St. At 23:59:01 on December 13, 2008. (OEMC Doc. FCRL 000134 and FCRL 001395, Dkt. 122, Ex. C.) Pierre

Mason testified that at least two more police cars arrived at their house after the first three officers arrived. (Pierre Mason Dep., Dkt. 122, Ex. B. at 72.) Unit 733, Officers Langle and Quintero were at 7250 S. Morgan with unit 4220D. (OEMC Doc. FCRL 001395, Dkt. 122, Ex. C.) The foregoing evidence places defendant Officers Szubski, Langle and Quintero at the Mason home at 7250 S. Morgan St. on December 13, 2008.

Paris, Pierre, and Pete Mason testified in their depositions to police officers striking Pierre and Pete. (Paris Mason Dep., Dkt. 122, Ex. A. at 40-41, 47, 52; Pierre Mason Dep., Dkt. 122, Ex. B. at 48-49; Dep. Pete Mason, Dkt. 113, Ex. F at 44-45.) Paris testified that a couple of officers entered the house and went upstairs and searched the house for approximately 30 minutes.(Paris Mason Dep., Dkt. 122, Ex. A. at 41.) Pierre stated that his little sister's room was "wrecked" and there was mud on the carpet from boots. (Pierre Mason Dep., Dkt. 122, Ex. B. at 102.) Officers Obaldo and Carroll cannot deny that they had physical contact with Pierre, Paris and Pete Mason. (See Michael Carroll Ans. to Interrogs. Nos. 12 and James Obaldo Ans. to Interrogs. Nos. 12, Dkt.113-2, Ex. O, P.) Accordingly, whether defendants illegally searched the house or used force on plaintiffs is a question for the jury.

Defendants urge this Court to follow the line of reasoning in Hessel v. O'Hearn, that "proximity to a wrongdoer does not authorize punishment" under 42 U.S.C. §1983. 977 F.2d 299, 305 (7th Cir. 1992). However, this Court finds the case at bar more akin to the situation in Okoro v. Bohman, No. 94 C 6343, 2001 U.S. Dist. LEXIS 14597 (N.D. Ill. Sept. 10, 2001). As the Court stated in Okoro, "contrary to the defendant's suggestion, the fact that Okoro learned the names of most of the defendants through his trial attorney's efforts does not necessarily mean Okoro is lying. It is not at all difficult to imagine that in executing the arrest, the defendants

failed to introduce themselves to the Okoros, and Okoro testified that he was unable to get a good look at many of the defendants because, as they were searching his house and carting his things away he was lying face down on the floor with his hands cuffed behind his back. The evidence of the defendants' participation in the arrest is sufficient to overcome defendants' motion." Okoro, 2001 U.S. Dist. LEXIS 14597 at *6.

Likewise, in the instant case it is not difficult to imagine that the officers on the scene did not give their names, and that in the dark and chaos plaintiffs were unable to get a good enough look at the several police officers on the scene, who were described with one exception as white, male and in uniform, to identify them individually. Plaintiffs present sufficient evidence to place the officers at the scene and overcome defendants' motion, at least in part.

## **Conclusion**

Based on the foregoing, defendants' motion for summary judgment is granted as to Peter Edwards and Joseph White. Partial summary judgment is granted in favor of Belinda Bernal. Defendants' motion is denied for the remaining defendants.

IT IS SO ORDERED.

Date: April 12, 2011.

ENTERED:_____
Sharon Johnson Coleman